# NOT FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 14-780

**STATE OF LOUISIANA**

**VERSUS**

**BRENDALL BOURQUE**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 129661
HONORABLE MARILYNN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.

**AFFIRMED.**

**Michael Harson, District Attorney**
**Alan P. Haney, Assistant District Attorney**
**P.O. Box 4308**
**Lafayette, LA 70502**
**(337) 291-7009**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Brendall Bourque**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

The facts established Defendant, Brendall Bourque, failed to renew his sex offender registration timely and failed to notify law enforcement of a change in his employment.

On January 21, 2011, Defendant was charged by bill of information with two counts of failure to register, violations of La.R.S. 15:542(B). Defendant pled not guilty to the charges on January 24, 2011. Subsequently, on January 4, 2012, the State amended the bill of information to charge Defendant with one count of failure to renew registration, a violation of La.R.S. 15:542.1.1, and one count of failure to notify law enforcement of change of registration information, a violation of La.R.S. 15:542.1.2. On January 11, 2012, the State filed another amended bill of information, but the charges remained the same. Defendant pled not guilty to the amended charges on January 12, 2012. After a jury trial, Defendant was found guilty as charged on January 18, 2012. Subsequently, on May 31, 2012, Defendant was sentenced on each count to eight years at hard labor without benefits, to run concurrently with one another. Defendant was also charged as a habitual offender, adjudicated a fourth habitual offender as to count one, and sentenced to twenty years at hard labor on count one, to run concurrently with the sentence imposed on count two. *State v. Bourque*, 12-1359 (La.App. 3 Cir. 6/5/13), 114 So.3d 649.

Defendant appealed both his conviction and habitual offender adjudication. Finding the trial court erred in granting the State's "reverse-*Batson*" motion, this court vacated Defendant's convictions, his sentences, and his habitual offender adjudication, and remanded the case for further proceedings. *State v. Bourque*, 12-1358 (La.App. 3 Cir. 6/5/13), 114 So.3d 642, *writ denied*, 13-1598 (La. 3/14/14), 134 So.3d 1187, and *State v. Bourque*, 114 So.3d 649. Upon remand, on April 29, 2014, a jury once again found Defendant guilty as charged. On May 13, 2014, the

trial court sentenced Defendant on each count to eight years at hard labor without benefits, to run concurrently with one another. Defendant filed a motion to reconsider sentence, which was denied without a hearing on May 27, 2014. Defendant was granted an appeal of his convictions and sentences on May 29, 2014.

In a separate docket number, the State filed a habitual offender bill, charging Defendant as a fourth habitual offender. On June 26, 2014, the trial court adjudicated Defendant a fourth habitual offender, vacated the sentence previously imposed on count one, and imposed an enhanced sentence of twenty years at hard labor on count one, to run concurrently with the sentence imposed on count two. Defendant filed a motion for appeal of his habitual offender adjudication and sentence, which was granted on July 11, 2014.

By order of this court dated August 26, 2014, Defendant's two appeals were consolidated for briefing purposes only; they will be handled as two separate appeals. This appeal involves Defendant's assertion that the evidence was insufficient to prove he intentionally failed to register or renew his registration as a sex offender. The other appeal, this court's docket number 14-809, involves a challenge to Defendant's adjudication as a fourth felony offender.

## ANALYSIS

In his first assignment of error, Defendant asserts the evidence was insufficient to prove he intentionally failed to register or renew his registration as a sex offender. For the reasons that follow, we find this assignment lacks merit.

Defendant acknowledges he was required to register as a convicted sex offender every quarter year for the rest of his life.[1] Defendant also acknowledges his quarterly registration required him to register in person at the Lafayette Parish

---

[1]Initially, Defendant was required to register annually for ten years. However, the law changed in 2007, requiring Defendant to register quarterly for life.

2

Sheriff's Office in January, April, July and October. The policy was that a person registered timely as long as he reported to the office sometime within the month he was due to report. Captain Jack Lightfoot of the Lafayette Parish Sheriff's Office testified Defendant was due to register in July 2008. Defendant did not report, however, until August 7, 2008. Again, Defendant was due to register in October 2008 but did not report until November 7, 2008. According to Captain Lightfoot, Defendant was not arrested either time.

Captain Lightfoot testified Defendant registered timely in both January 2009 and April 2009. Although Defendant was due to report in July 2009, Defendant did not report again until July 2010, one year later. Defendant reported a change of address to the sheriff's office on August 24, 2010. Another detective, Detective Mark Brasseaux, received information regarding Defendant, which prompted the detective to call Defendant's landlord. Shortly after the call to the landlord, Defendant called Detective Brasseaux. Defendant went to the sheriff's office on November 19 when he was supposed to have reported in October. When Captain Lightfoot asked Defendant why he did not report in October, Defendant did not have a response. Although Defendant had been late before, Captain Lightfoot stated that there were "other issues," and he decided to arrest Defendant.

On re-direct examination, Captain Lightfoot testified Defendant was previously arrested in July 2009 for violation of his sex offender registration. After several months, the district attorney's office declined to prosecute. Captain Lightfoot stated that he had a very stern conversation with Defendant, during which the captain warned that he had received plenty of breaks and that he would be arrested the next time he violated his registration requirements. According to Captain Lightfoot, he had this conversation with Defendant in June 2010. Even though it was made clear to Defendant that he had to register in October 2010,

3

Defendant did not report until November 19, 2010. On that date, Captain Lightfoot arrested Defendant.

Detective Brasseaux testified the sheriff's department had received phone calls that Defendant vacated his residence. The detective called Defendant's landlord and called Defendant himself. Defendant eventually reported to the office on November 19, 2010. When Defendant registered on that date, he stated he was now employed by Kubelka Floor Trim. Detective Brasseaux stated there was no indication in their records that Defendant called in between August 24, 2010, and November 19, 2010, to report an employment change. It was Detective Brasseaux's belief that Defendant did not report within three days of gaining employment at Kubelka Floor Trim. Defendant's employer was contacted to see how long he had been employed. Joseph Kubelka testified that Defendant worked for him for a few weeks, beginning in early October 2010.

In his brief, Defendant asserts the following in support of his argument that the above evidence was not sufficient to convict him:

> Brendall Bourque did not consider that any criminal consequences were reasonably certain to result in his failure to timely register or renew his registration as a sex offender. Mr. Bourque was allowed to register late on two previous occasions with no consequences. The State acquiesced in the late registration by allowing him to do so on more than one occasion without any consequences. In the ordinary course of human experience, no individual would have adverted to the prescribed criminal consequences as reasonably certain to result from their act or failure to act. Thus, there was no general intent on behalf of Brendall Bourque to commit the crimes for which he was charged.

Other than the definition of general criminal intent, Defendant cites no authority for his argument. The State responds that Defendant is basically claiming he was ignorant of the law. Louisiana Revised Statutes 14:17 states:

> Ignorance of the provision of this Code or of any criminal statute is not a defense to any criminal prosecution. However, mistake of law which results in the lack of an intention that consequences which are criminal shall follow, is a defense to a criminal prosecution under the following circumstances:

(1)     Where the offender reasonably relied on the act of the legislature in repealing an existing criminal provision, or in otherwise purporting to make the offender's conduct lawful; or

(2)     Where the offender reasonably relied on a final judgment of a competent court of last resort that a provision making the conduct in question criminal was unconstitutional.

Defendant's alleged reliance on the State's failure to arrest him for his prior late registrations falls under neither of the defenses set forth above. Defendant essentially claims because he was allowed to register late in the past without being arrested, he should always be allowed to register late without suffering any consequences. In addition to the fact that Defendant cites no authority for this alleged excuse, he also ignores the fact that he was previously warned he would be subject to arrest if he registered late again. Furthermore, it was explained to the Defendant that he must report every January, April, July, and October. According to Captain Lightfoot, Defendant was advised both orally and in writing. For the foregoing reasons, we find this assignment of error lacks merit.

## DECREE

For the foregoing reasons, Defendant's convictions are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.

5